IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICKARD DENNIS ANDERSON,

    Petitioner,                  No. 2:08-cv-2693 JFM LKK (HC)

    vs.

MARIO BALLARD, et al.,          ORDER AND

    Respondents.             FINDINGS & RECOMMENDATIONS

          On November 19, 2008, this court recommended that the instant petition be dismissed as duplicative of another habeas petition filed on November 10, 2008 in Case No. 2:08-cv-2692 KJM.  The instant petition contained virtually identical allegations against the same respondent.  (Id.)  On December 9, 2008, petitioner filed a document entitled "Notice Emergency Urgent Memorandum Traverse."  (Id.)  Petitioner asked the court not to dismiss this case as frivolous but to grant petitioner an extension of time to amend.  (Id.)  Petitioner was granted thirty days in which to file an amended petition, but was cautioned he could not bring claims raised in Case No. 2:08-cv-2692 KJM.

          On December 23, 2008, petitioner filed an amended petition, again naming Fire Marshal Mario Ballard as respondent and referencing his October 29, 2005 conviction for arson.

/////

1

In his first claim, petitioner alleges he was falsely arrested by transients, James Bond, terrorists, Highway Patrol, State Police and San Francisco police. Claims for false arrest are more appropriately raised by a civil rights complaint under 42 U.S.C. § 1983.

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that a suit for damages on a civil rights claim concerning an allegedly unconstitutional conviction or imprisonment cannot be maintained absent proof "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486.

Under Heck, the court is required to determine whether a judgment in petitioner's favor in this case would necessarily invalidate his conviction or sentence. Id. If it would, the complaint must be dismissed unless the petitioner can show that the conviction or sentence has been invalidated. This court finds that petitioner's first claim implicates the validity of petitioner's conviction, and that petitioner has not shown that the conviction has been invalidated. Because the record herein demonstrates that petitioner's challenge to his underlying conviction is presently pending in Case No. 2:08-cv-2692 KJM, petitioner cannot remedy this defect by amendment. Accordingly, petitioner's first claim must be dismissed without prejudice.[1]

While not entirely clear, the remaining claims in the amended petition appear duplicative of petitioner's challenge to his underlying conviction which is proceeding in Case No. 2:08-cv-2692 KJM. As petitioner was previously advised, he may not pursue his habeas claims in two separate actions. All claims related to his underlying action must proceed in one action. Because these remaining claims are duplicative of his claims raised in Case No. 2:08-cv-2692 KJM, this action must be dismissed without leave to amend. 28 U.S.C. § 1915(d).

---

[1] The court notes that petitioner has other civil rights claims against respondent Ballard proceeding in Case No. 2:08-cv-2690 JFM.

1       Accordingly, IT IS ORDERED that the November 19, 2008 findings and
2 recommendations are vacated.

3       IT IS HEREBY RECOMMENDED that the amended petition be dismissed
4 without prejudice.

5       These findings and recommendations are submitted to the District Judge assigned
6 to this case pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being
7 served with these findings and recommendations, petitioner may file written objections with the
8 court.  The document should be captioned "Objections to Magistrate Judge's Findings and
9 Recommendations."  Petitioner is advised that failure to file objections within the specified time
10 may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th
11 Cir. 1991).

12 DATED: January 14, 2009.

                                  UNITED STATES MAGISTRATE JUDGE

/001; ande2693.dsm